**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE MANUEL HERNANDEZ,

      Plaintiff,

v.   No. CIV-05-1203 WJ/RHS

A. COOPER, JUNE KURSHNER,
D. LACY, D. RUSSEL,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint claims that Defendants have denied Plaintiff necessary medical treatment for his serious medical condition. Plaintiff has a hernia condition, and although he has received treatment, he alleges that Defendants have not provided him timely and adequate treatment. He contends that

Defendants' actions have violated his rights under the Eighth Amendment, and he seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendant Cooper, the warden at Plaintiff's facility, or Defendant Russel, the assistant wardent for the medical department. The only allegation against these Defendants is that, after medical staff denied certain treatment, Plaintiff sent "request forms" to them. These allegations do not affirmatively link Defendants Cooper or Russel to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a claim under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* The Court will dismiss claims against Defendants Cooper and Russel. No opinion is expressed or implied herein on the question of Plaintiff's exhaustion of administrative remedies.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Cooper and Russel are DISMISSED with prejudice, and Defendants Cooper and Russel are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Kurshner and Lacy.

UNITED STATES DISTRICT JUDGE