IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MANUEL HERNANDEZ

    Plaintiff,

v.                                                                                          Civ. No. 05-1203 WJ/RHS

JUNE KURSHNER and D. LACY,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and for Failure to State a Claim upon which Relief can be Granted ("Motion to Dismiss"), filed April 21, 2006 **[Doc. 15]**. Plaintiff, who is incarcerated and proceeding *pro se*, asserts that Defendants are demonstrating deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (See Prisoner's Civil Rights Complaint ("Complaint") at "D Cause of Action" **[Doc. 1]**). Plaintiff alleges that Defendants refuse to provide either surgery or a second opinion for a hernia which causes him "constant pain and discomfort." (Complaint at "D Cause of Action").

    2. Plaintiff states that he developed a hernia during his incarceration at Giles W. Dalby Facility. "However[,] on December 27, 2004, I was transferred to COUNTY CORRECTIONAL CENTER CCA CIBOLA ["CCA"], before receiving complete medical attention." (Complaint at 3 (capitalization in original)). Plaintiff contends that after arriving at CCA and eventually "being diagnose[d] by defendant J[une] Kurshner, she and defendant Dr. D[onald] Lacy stated they did

not feel that surgery is necessary because the hernia was very small and coulb [sic] be reduced."[1]
(Complaint at "D Cause of Action").

    3. Plaintiff asserts that since his initial appointments with Defendants Kurshner and Lacy, he has "return[ed] to the medical department on a continual bases [sic] to have the hernia pushed back into place."[2] (Complaint at "D Cause of Action"). Plaintiff contends that Defendants have refused to obtain a second opinion from an outside doctor, even though "[w]ithin the past Two (2) months the hernia has worsen[ed]" and is restricting his daily activities.[3] (Complaint at "D Cause of Action"). Plaintiff states that on May 9, 2005 and May 11, 2005 he submitted Inmate Request forms to D. Russell and A. Cooper complaining about his hernia and requesting surgery.[4] Plaintiff seeks a declaratory judgment, equitable relief and damages.

    4. In their motion, Defendants request that Plaintiff's Complaint be dismissed on the basis of lack of exhaustion and failure to state a claim. Having considered the parties' submissions, the Court is inclined to agree with Defendants that Plaintiff has not exhausted his administrative remedies with respect to all of the allegations raised in his Complaint. Specifically, nothing indicates that Plaintiff has pursued his administrative remedies regarding the allegations that his condition has worsened since September 2005 and that Defendants refused to obtain a

---

[1] Plaintiff alleges that Dr. Lacy initially "examine[d] me and stated that I did not have [a] hernia." (Complaint at "D Cause of Action").

[2] Plaintiff alleges that at his last appointment in October 2005, "it took the physicians 45 minutes to push my hernia back into place." (Complaint at "D Cause of Action").

[3] Plaintiff executed his Complaint on November 4, 2005. (Complaint at 6). Thus, Plaintiff apparently alleges that his hernia has worsened sometime since early September 2005.

[4] The Court dismissed Warden Cooper and Assistant Warden Russel as parties to this action in a previous order. (See Memorandum Opinion and Order, filed Jan. 4, 2006 **[Doc. 8]**).

second opinion regarding Plaintiff's hernia.  However, even assuming that Plaintiff has properly exhausted his administrative remedies, the Court concludes that his Complaint should be dismissed because it fails to state an Eighth Amendment claim of inadequate medical care.  Thus, the Court need not address Defendants' exhaustion argument further.

    5.  Dismissal is appropriate only if Plaintiff can prove no set of facts in support of the claim entitling him to relief.  Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir. 1994).  In reviewing the sufficiency of a complaint to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) a court must accept all the well-pleaded facts of the complaint as true and must construe them in the light most favorable to the plaintiff.  See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995).  The complaint itself must show that plaintiff is "entitled to relief" under each claim raised.   Fed.R.Civ.P. 8(a)(2).

    6.  The Eighth Amendment protects all prisoners from cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97 (1976).  In Estelle, the United States Supreme Court recognized that a prison official's deliberate indifference to the serious medical needs of an inmate is a violation of the prohibition against cruel and unusual punishment.  Id. 429 U.S. at 104.

    7.  However, inadvertent or negligent failure to provide medical care, even medical malpractice, is not equivalent to a "deliberate indifference to serious medical needs" and thus, does not rise to the level of a constitutional violation.  Id. at 106; see Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980); see also Fitzgerald v. Corrections Corporation of America, 403 F.3d 1134, 1143 (10th Cir. 2005).  Moreover, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); Olson v. Stotts, 9 F.3d 1475,

1477 (10th Cir. 1993) (noting that a difference of medical opinion between a prisoner and the prison doctor "does not support a claim of cruel and unusual punishment").

      8. To state a cognizable Eighth Amendment claim for failure to provide adequate medical care, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Olson, 9 F.3d at 1477 (emphasis and citation omitted). The deliberate indifference requirement has two components: (1) an objective component requiring that the pain or deprivation be sufficiently serious, and (2) a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. Perkins, 165 F.3d at 809 (citing Wilson v. Seiter, 501 U.S. 294, 298-99).

      9. Defendants contend that Plaintiff's § 1983 claim under the Eighth Amendment should be dismissed because his allegations "do not state a claim of deliberate indifference to a serious medical need." (Defendants' Memorandum Brief in Support of Motion to Dismiss at 11, filed Apr. 21, 2006 **[Doc. 16]**). For the reasons set forth below, the Court agrees.

      10. Here, even assuming that Plaintiff's hernia represents a serious medical need, Plaintiff's allegations do not establish deliberate indifference. For example, Dr. Lacy's alleged failure to initially diagnose Plaintiff's hernia does not indicate deliberate indifference on his part.[5] Nor does Defendants' alleged refusal to obtain a second opinion from an outside doctor establish a constitutional violation. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir.1992) (noting that a decision to refer to a specialist is generally an exercise of medical judgment); see also Hood

---

[5]A delay in providing medical care may constitute a violation of the Eighth Amendment. See Hunt v. Uphoff, F.3d 1220, 1224 (10th Cir.1999) (citations omitted). However, a mere delay in medical treatment does not constitute a constitutional violation unless the delay was the result of deliberate indifference and resulted in substantial harm. See Olson, 9 F.3d at 1477. Plaintiff's allegations, liberally construed, do not establish either deliberate indifference or substantial harm.

v. Prisoner Health Services, Inc., 180 Fed.Appx. 21, 25 (10th Cir. May 9, 2006) (not selected for publication in the Federal Reporter) (affirming district court's conclusion that defendants' alleged refusal to send prisoner-plaintiff to an outside specialist cannot establish a constitutional violation); Shomo v. City of New York, 2005 WL 756834, at *10 (S.D.N.Y. Apr. 4, 2005) (not reported in F.Supp.2d) (explaining that "prisoners are not constitutionally entitled to a second medical opinion") (citation omitted).

11. Plaintiff does not allege that Defendants failed to provide any care or treatment for his hernia. Indeed, it is apparent from Plaintiff's submissions that medical care is available and that he has received ongoing examinations and treatment for his hernia. Although Plaintiff clearly establishes his disagreement with the medical care provided by Defendant, at most, his Complaint alleges that Defendants have been negligent or have committed medical malpractice in diagnosing and treating his hernia. As previously noted, while a prisoner may not care for the treatment decisions made by prison staff, his disagreement with that medical care is insufficient to state a cognizable constitutional claim of cruel and unusual punishment under the Eighth Amendment. See Perkins; Olson, supra.[6]

12. In sum, the Court finds that Plaintiff's allegations fail to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment of the United States

---

[6]See, e.g., Herl v. Gamble, 124 Fed.Appx. 630, 632, 2005 WL 648234, at **1 (10th Cir. Mar. 22, 2005) (not selected for publication in the Federal Reporter) (concluding that plaintiff's complaints of delay and ineffective medical treatment, at most, amounted to allegations of negligence); Levy v. Kafka, 6 Fed.Appx. 822, 822-23, 2001 WL 363312, at **1 (10th Cir. Apr. 12, 2001) (not selected for publication in the Federal Reporter) (finding plaintiff's allegation "that corrective surgery and pain medication is required" insufficient to demonstrate defendants' deliberate indifference where the medical staff "provided a truss belt, ordered a weight restriction . . . and concluded that surgical intervention was not now indicated").

Constitution. Accordingly, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## Recommendation

I recommend that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and for Failure to State a Claim upon which Relief can be Granted **[Doc. 15]** be **granted** and that Plaintiff's Complaint **[Doc. 1]** be **dismissed with prejudice**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any written objections with the Clerk of the District Court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE